Ben VISCUSO, Plaintiff,

v.

CITY OF ST. LOUIS, et al., Defendants.

No. 82–1568C(2).

United States District Court,
E.D. Missouri, E.D.

Dec. 7, 1982.

Jerome Diekemper, Diekemper, Hammond & Shinners, St. Louis, Mo., for plaintiff.

Thomas J. Ray, Robert H. Dierker, Jr., Associate City Counselor, St. Louis, Mo., for defendants.

**16**

## MEMORANDUM

NANGLE, District Judge.

This case is now before this court on the motion of the plaintiff for a preliminary injunction. The plaintiff is seeking an injunction which would require the defendants to allow him to take the exam for the position of fire chief. The defendants contend that the plaintiff has failed to meet the standard set by the Eighth Circuit for a preliminary injunction and therefore the plaintiff's request must be denied.

The plaintiff's cause of action arises out of his employment by the St. Louis Fire Department. In his complaint, the plaintiff alleges that the decision not to appoint him to the position of Deputy Chief in 1978 was racially motivated, unlawful and in violation of 42 U.S.C. §§ 1981, 1983, 1985(3) and the Fourteenth Amendment. The plaintiff further alleges that because of the defendants' failure to promote him at that time, he is presently ineligible to compete for the position of Fire Chief. Through the initiation of this suit, the plaintiff is seeking back pay, damages, and an injunction requiring the defendants to allow the plaintiff to participate in the selection procedure for Fire Chief.

On October 15, 1982, a hearing was held to determine whether a preliminary injunction should be issued which would provide the plaintiff with the opportunity to participate in the assessment center which will be given to candidates applying for the position of Fire Chief, in the near future. Subsequently, the parties submitted memoranda in support of their positions, in addition to submitting a joint stipulation of facts. The parties have stipulated to the following facts. The plaintiff was employed by the City of St. Louis as a firefighter on January 21, 1949. He was promoted to the position of Fire Captain on June 9, 1958, and to the position of Battalion Fire Chief in August of 1976. On each of the competitive examinations given for these positions, the plaintiff ranked first on the list of eligibles certified to the appointing authority by the Department of Personnel. In 1978, the defendants posted notices announcing a competitive promotional examination to fill the vacancies in the office of Deputy Chief of the Fire Department of the City of St. Louis. The plaintiff participated in the competition and ranked third on the list of eligibles certified by defendants Duffe and Kamprad for promotion to the rank of Deputy Chief. Thomas Long ranked first, Paul Boschert ranked second, and Preston Bouie ranked fourth. Mr. Long and Mr. Boschert are white males, and Mr. Bouie is a black male. Despite the plaintiff's ranking on the test he was not promoted to the position of Deputy Chief, instead Mr. Bouie received the position. In September of 1982, the defendant City of St. Louis announced an upcoming vacancy and accepted applications to compete for the position of Chief of the Fire Department. Presently, it is the policy of the Department that only those holding the rank of Deputy Chief may compete for the position of Chief.

In support of his motion for a preliminary injunction, the plaintiff presented testimony at the hearing establishing that as a normal course it is the policy of defendant Kamprad when making promotions to follow the rank order on the list of eligible candidates. It is clear that the policy was deviated from in this particular instance. It is the contention of the plaintiff that the defendants' failure to promote him was racially motivated. The plaintiff asserts that he will suffer irreparable harm if the injunction is not issued because this is his only chance to compete for this position because of his age. The plaintiff further contends that it will not harm any of the litigants in this case if he is allowed to participate in the Fire Chief selection procedure, prior to a resolution of this case on its merits.

In response to the plaintiff's motion, the defendants presented testimony in support of their contention that Mr. Bouie was promoted because of his ability to deal with administrative and personnel problems. Furthermore, the defendants argue that although defendant Kamprad ordinarily followed rank order on the eligibles list, there were other instances in which there were deviations. Finally, the defendants assert

that if race was taken into account in the promotion of Mr. Bouie, race was considered only for the purpose of remedying past discrimination. The defendants conclude that it would be inappropriate to grant the plaintiff's motion for a preliminary injunction because the plaintiff has failed to meet the requirements for injunctive relief set out by the Eighth Circuit.

In *Dataphase Systems, Inc. v. C L Systems, Inc.,* the Eighth Circuit clarified the criteria a district court should consider when determining whether a preliminary injunction should issue: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." 640 F.2d 109, 114 (8th Cir.1981). The court went on to reject a test which would "require in every case that the party seeking preliminary proof prove a greater than fifty percent likelihood that he will prevail on the merits." *Id.* at 113. Instead, the court reasoned that the equitable nature of this type of proceeding required a flexible application of the test. Therefore, the essential "question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Id.* Under the facts presented by this case, this court believes that the granting of a preliminary injunction will prevent a change of circumstances which would result in irreparable injury to the plaintiff prior to a resolution of this case on its merits. This court believes after a consideration of the complete record that the "movant has raised questions so serious and difficult as to call for more deliberate investigation." *Id.* at 113.

Applying the criteria set out by the Eighth Circuit, it is clear that unless a preliminary injunction is issued there would be a threat of irreparable harm to movant. Unless this court grants the plaintiff's request for injunctive relief, he will lose his last chance to qualify for this position. Second, this court believes that the granting of this relief will maintain the status quo and not inflict any harm on the other litigants in this action. The plaintiff is seeking to participate in the assessment center; he is not requesting that he receive a promotion at this time. By allowing his participation in the competition, he will be eligible for the promotion in the event he succeeds on the merits. His participation will not affect others competing for the position. Third, as previously stated, this court believes that the plaintiff's complaint presents serious and difficult issues. The defendant Kamprad deviated from the normal method of selection. Case law indicates that there can not be an absolute bar that precludes the advancement of white individuals. *Setser v. Novack,* 638 F.2d 1137 (8th Cir.1981). The issue is whether city officials' decisions were motivated by a racially discriminatory intent. *Talbert v. City of Richmond,* 648 F.2d 925 (4th Cir. 1981). This question will be resolved at the trial on the merits of the plaintiff's claims. Finally, the public interest favors the just treatment of members of the different races, and maintenance of the status quo. Granting the preliminary injunction under the facts of this case assures the plaintiff only the opportunity to participate in the assessment center.

Accordingly, the motion of the plaintiff for a preliminary injunction will be granted.